LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

ESMERALDA TORRES and AMBER E. WILLSON,
*on behalf of themselves, FLSA Collective Plaintiffs, and the Class*

                    Plaintiffs,

   v.

111 ATLAS RESTAURANT CORP.
d/b/a ATLANTIC DINER,
BILL ATHANASOPOULOS,
JOHN ATHANASOPOULOS,
VASILIOS ATHANASOPOULOS and
STRAVOS MOUTOPOULOS,

                    Defendants.

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, ESMERALDA TORRES and AMBER E. WILLSON (hereinafter, "Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and the Class, by and through their undersigned attorney, hereby files this Complaint against Defendants, 111 ATLAS RESTAURANT CORP. d/b/a ATLANTIC DINER (the "Corporate Defendant"), BILL ATHANASOPOULOS, JOHN ATHANASOPOULOS, VASILIOS ATHANASOPOULOS and

1

STRAVOS MOUTOPOULOS (each individually, "Individual Defendant" or, collectively with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants (1) unpaid minimum wages resulting from an improperly claimed tip credit, (2) unpaid overtime compensation, (3) unpaid wages due to time-shaving, (4) tips illegally retained by defendants, (5) liquidated damages and (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and Class members are entitled to recover from Defendants (1) unpaid minimum wages resulting from an improperly claimed tip credit, (2) unpaid overtime compensation, (3) unpaid wages due to time-shaving, (4) improper meal credit deductions, (5) unpaid spread-of-hours premium, (6) liquidated damages and statutory penalties and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ESMERALDA TORRES, is a resident of Queens County, New York.

6. Plaintiff AMBER E. WILLSON, is a resident of Queens County, New York.

7. Corporate Defendant 111 ATLAS RESTAURANT CORP. d/b/a ATLANTIC DINER, is a domestic business corporation organized under the laws of New York, with a

principal place of business and an address for service of process located at 111-16 Atlantic Avenue, Richmond Hill, New York 11419.

8. Individual Defendant BILL ATHANASOPOULOS is the Chief Executive Officer of the Corporate Defendant, 111 ATLAS RESTAURANT CORP. d/b/a ATLANTIC DINER.

9. Individual Defendants, JOHN ATHANASOPOULOS, VASILIOS ATHANASOPOULOS and STRAVOS MOUTOPOULOS are principals of Corporate Defendant, 111 ATLAS RESTAURANT CORP. d/b/a ATLANTIC DINER.

10. At all relevant times, each of Individual Defendants, BILL ATHANASOPOULOS, JOHN ATHANASOPOULOS, VASILIOS ATHANASOPOULOS and STRAVOS MOUTOPOULOS, has control over the daily operation of the "Atlantic Diner" restaurant.

    a. At all relevant times, Individual Defendants are or were Managing Partners who directly handle and oversee everyday operations at the "Atlantic Diner" restaurant.

    b. At all relevant times, Individual Defendants were involved with operating the "Atlantic Diner" restaurant business by acting as Managing Partners. As Managing Partners, Individual Defendants managed the back-of-the-house/kitchen employees and the front-of-the-house/wait staff ensuring that food was cooked correctly and that service was efficient. Furthermore, all Individual Defendants cooperated and staggered their oversight throughout the week to ensure constant supervision by at least one Individual Defendant at any time.

    c. Each Individual Defendants exercised control over the terms and conditions of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members, and could reprimand them at will.

3

    d.    Each Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members.

    e.    Each Individual Defendants also had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16 (b), 29 U.S.C. § 216 (b), on behalf of all non-exempt persons (including waiters, bussers, runners, bartenders, baristas, delivery persons, cooks, line cooks, dishwashers, food preparers, hosts and cashiers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) overtime premiums at the rate of one and one half times the regular rate for work in

excess of forty (40) hours per workweek, and (ii) proper wages due to time-shaving. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. In addition, Plaintiffs and a subgroup of FLSA Collective Plaintiffs who worked as tipped employees (including waiters, runners, bussers, bartenders, baristas, and delivery persons) suffered from Defendants' policies of not paying them the required minimum wage in the lawful amount for hours worked by claiming an invalid tip credit and unlawfully retaining a portion of tips earned by tipped employees. Defendants were not entitled to take any tip credit under the FLSA, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit, (ii) failed to provide tipped employees with wage statements indicating the total amount of tip allowance taken or the hourly rate of tip credit deduction, (iii) illegally retained a portion of tips earned by tipped employees, and (iv) required tipped employees to spend at least twenty percent (20%) of their shift performing non-tipped tasks.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16 (b) of the FLSA, 29 U.S.C. § 216 (b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including waiters, bussers, runners, bartenders, baristas, delivery persons, cooks, line cooks, dishwashers, food preparers, hosts and

cashiers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, the "Class Period").

19.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown and the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than 40 members of the Class.

21. Plaintiffs' claims are typical of the claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours per workweek, (ii) improperly claiming a meal credit allowance, (iii) failing to pay proper wages due to time-shaving, (iii) failing to pay spread-of-hours premiums, (iv) failing to provide wage statements to Class members as required under the New York Labor Law, and (v) failing to provide proper wage notices to Class members, at date of hiring and annually and upon change in compensation, as required under the New York Labor Law. With regard to Plaintiffs and the

Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to properly provide tip credit notice to all tipped employees, failed to provide tipped employees with wage statements indicating the total amount of tip allowance taken or the hourly rate of tip credit deduction, illegally retained a portion of tips earned by tipped employees, and required tipped employees to spend at least twenty (20%) percent of their shift performing non-tipped tasks. In addition, a subclass of Class members who were tipped employees (including waiters, runners, bussers, bartenders, baristas, and delivery persons) (herein, the "Tipped Subclass") suffered from Defendants' failure to pay minimum wages due to invalid tip credit .

22. Defendants' corporate-wide policies and practices similarly affected all Class members, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and the other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for fair and efficient adjudication of controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. Adjudications of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> (a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

8

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay the Class members;

(c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

(d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

(e) Whether Defendants paid Plaintiffs and Tipped Subclass members the proper minimum wage under the New York labor Law;

(f) Whether Defendants properly provided notices to Plaintiffs and Tipped Subclass members that Defendants were taking a tip credit;

(g) Whether Defendants provided proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period and their proper overtime rate of compensation, and other information required to be provided on wage statements under the New York Labor Law;

(h) Whether Defendants took the proper amount of tip credit allowance from Plaintiffs and Tipped Subclass members under the New York Labor Law;

(i) Whether Defendants required Plaintiffs and Tipped Subclass members to engaged in non-tip work for at least twenty percent (20%) of their total working hours per day;

(j) Whether Defendants kept daily records of tips earned by Plaintiffs and the Tipped Subclass members;

(k) Whether Defendants provided proper wage notices to all non-exempt employees at the beginning of their employment and annually thereafter as required under the New York Labor Law;

(l) Whether Defendants unlawfully retained a portion of tips earned by Plaintiffs and the rest of the Tipped Subclass members;

(m) Whether Defendants failed to properly compensate Plaintiffs and the Class members for all their hours worked due to a policy of time-shaving and failing to track the hours worked by Plaintiffs and the Class members;

(n) Whether Defendants properly compensated Plaintiffs and the Class members for overtime under the state and federal law;

(o) Whether Defendants took an invalid meal credit from Plaintiffs and Class members' wages, in violation of the New York Labor Law; and

(p) Whether Defendants paid Plaintiffs and the Class members the New York State spread-of-hours premium for their workdays that exceeded ten (10) hours.

## STATEMENT OF FACTS

27. Plaintiff ESMERALDA TORRES:

(a) In or around January 2014, Plaintiff ESMERALDA TORRES was hired by Defendants to work as a waitress for Defendants' "ATLANTIC DINER" restaurant, located at 111-16 Atlantic Avenue, Richmond Hill, New York 11419. Plaintiff's employment by Defendants ended in or around May 2015.

(b) Throughout Plaintiff ESMERALDA TORRES' employment with Defendants, she regularly worked over forty (40) hours per week.

(c)     From in or about January 2014 until approximately May 2015, Plaintiff ESMERALDA TORRES had a regular schedule of ten (10) hours per day, from 8:00 p.m. to 6:00 a.m., for six (6) days a week; for a total of sixty (60) hours per week, without any meal break.

(d)     From the beginning of her employment until in or about May 2015, Plaintiff ESMERALDA TORRES was paid an hourly rate of $5.00, including hours worked over forty (40) per workweek.

(e) Throughout Plaintiff TORRES' employment, Defendants indiscriminately and automatically deducted $7.50 per week as meal credit, regardless of whether Plaintiff or Class members ate the meal or not. Other FLSA Collective Plaintiffs and Class members were scheduled by Defendants to work similar hours, and they also suffered from Defendants' policy of improperly deducting meal credit from their wages.

(f) Throughout Plaintiff TORRES' employment with Defendants, Plaintiff was not properly reimbursed for costs of purchasing the aprons that Defendants required their employees to wear at work. Each new apron costs about $10.00, which Plaintiff had to purchase every month. Other employees similarly had to pay for their apron purchases and maintenance expenses.

28. Plaintiff AMBER E. WILLSON:

(a)     In or about April 2014, Plaintiff AMBER E. WILLSON was employed by Defendants to work as a waitress for Defendants' "ATLANTIC DINER" located at 111-16 Atlantic Avenue, Richmond Hill, New York 11419. Plaintiff's employment was terminated in or about May 2015.

(b) From in or about April 2014 until in or about February 2015, Plaintiff AMBER E. WILLSON had the following work schedule: from 9 p.m. to 6 a.m. for three (3) days a week, and from 5 p.m. to 6 a.m., for three (3) days a week without any meal break; for a total of seventy-five (75) hours per week.

(c) From in or about March 2015 to May 2015, Plaintiff AMBER E. WILLSON started working as a hostess for Defendants' restaurant, right after her shift as a waitress at the same restaurant. Specifically, Plaintiff WILLSON had the following work schedule: from 5 a.m. to 2 p.m., for six (6) days a week, as a hostess; and from 2 p.m. to 9 p.m., for three (3) days per week, as waitress; for a total of seventy-five (75) hours per week.

(d) Throughout Plaintiff AMBER E. WILLSON'S employment with Defendants, she regularly worked over forty (40) hours per week.

(e) Throughout her employment with Defendants, Plaintiff WILLSON was paid an hourly rate of $5.00 as a waitress.

(f) From in or about March 2015 to in or about May 2015, Plaintiff was paid a fixed weekly salary of $400.00, as a hostess. There was never any agreement that Plaintiff's fixed salary was intended to cover Plaintiff WILLSON'S overtime compensation. Defendants willfully violated Plaintiff WILLSON'S right by paying her on a fixed salary basis, in violation of the New York Labor Law because Plaintiff WILLSON is a non-exempt employee who must be paid on an hourly basis.

29. At all times relevant, Defendants deducted thirty (30) minutes lunch break from Plaintiffs and Class members' payroll each workday even though Plaintiffs and Class members worked through all of their lunch breaks during their employment with Defendants. In addition, Plaintiffs and Class members were never required to clock out after their shifts ended each work

12

day. Each workweek, the resulting shaved time was approximately three (3) hours in length for Plaintiffs and other Class members. FLSA Collective Plaintiffs and Class members were required to work similar hours and similarly suffered a policy of time shaving

30. At all relevant times, Defendants paid Plaintiffs and Tipped Subclass members below the prevailing minimum wage in violation of the FLSA and NYLL.

31. Plaintiffs and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit. In addition, Plaintiffs and Tipped Subclass members did not receive notice informing them that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Defendants further failed to keep track of daily tips earned and maintain records thereof and failed to provide proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

32. During Plaintiffs employment with Defendants, Plaintiffs and the Tipped Subclass members were required to engage in various non-tipped activities, such as sweeping, mopping and vacuuming the floor, cleaning the windows, and cleaning the entire restaurant, for twenty percent (20%) or more of their workday. Based on Plaintiffs' direct observations and conversations with other employees, Tipped Subclass similarly spend at least twenty percent (20%) of their workday performing such non-tipped activities.

33. During all relevant periods, Defendants failed to pay Plaintiffs, FSLA Collective Plaintiffs and Class members overtime compensation for hours worked that exceeded forty (40) hours per week.

34. During all relevant periods, Defendants failed to pay Plaintiffs, FLSA Collective Plaintiffs and Tipped Subclass members minimum wage due to an invalid tip credit. Defendants

13

were not entitled to take any tip credit because they failed to meet the statutory requirements under the FLSA and NYLL.

35. During all relevant periods, Defendants failed to pay Plaintiffs and Class members for all hours worked due to a policy of time-shaving, in violation of the FLSA and NYLL.

36. During all relevant periods, Defendants failed to pay "spread of hours" premium as required by NYLL, to Plaintiffs, FLSA Collective Plaintiffs and Class members for their work days that exceeded 10 hours per day. At all relevant times, Defendants compensated Plaintiffs and Class members at rates below the prevailing minimum wage rate for the "spread of hours" premium.

37. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage notices and wage statements as required by the New York Labor Law. With respect to the Tipped Subclass, Defendants also failed to disclose the amount of tip credit claimed, on their wage statements in each pay period to employees.

38. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206 (a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206 (a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, Corporate Defendant, 111 ATLAS RESTAURANT CORP. d/b/a ATLANTIC DINER, had gross annual revenues in excess of $500,000.

43. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

44. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs who were tipped employees for their hours worked. Defendants, however, were not entitled to take any tip credits under the FLSA because they failed to satisfy statutory requirements for taking a valid tip credit under the FLSA.

45. At all relevant times, Defendants has a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs proper wages due to their time-shaving practices.

46. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to pay Plaintiffs and other tipped employees the minimum wages for hours worked when Defendants knew or should have known such was due.

49. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, unpaid minimum wages, and unpaid wages due to time-shaving, plus an equal amount as liquidated damages.

52. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

53. Plaintiffs reallege and reaver Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay Plaintiff and Class members overtime compensation at rates not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) hours in a workweek.

56. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay Plaintiff and tipped employees minimum wages in the lawful amount for hours worked due to an invalid tip credit.

57. Defendants knowingly and willfully violated Plaintiffs and Tipped Subclass members' rights by illegally retaining a portion of tips intended for Plaintiff and tipped Subclass members.

58. Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by taking invalid meal credit from their wages, in violation of the New York Labor Law.

59. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay Plaintiffs and Class members wages in the lawful amount for hours worked due to Defendants' policy of time-shaving.

60. Defendants willfully violated Plaintiffs and Class members' rights by failing to pay spread-of-hours premiums to Plaintiffs and Class members for each workday that exceeded ten (10) hours.

61. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiffs and Class members, in violation of the New York Labor Law.

62. Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiffs and Class members at the beginning of employment and annually thereafter, as well as upon change in compensation, in violation of the New York Labor

Law. With respect to Plaintiff and Tipped Subclass members, Defendants failed to satisfy the requirements under the NYLL because Defendants failed to properly provide tip credit notice and tip pooling agreement. Moreover, with respect to all non-exempt employees, Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL because Defendants (i) failed to provide wage notices at hiring and instead backdated wage notices to dates of hiring and (ii) failed to provide wage notices containing required information, including rates of pay and basis thereof (i.e. hours worked), as Defendants failed to track actual hours worked and indiscriminately deducted one hour as meal break per workday.

63. Defendants willfully violated Plaintiffs and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiffs and Class members are non-exempt employees who must be paid on an hourly basis.

64. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unlawfully retained tips, invalid meal credit deductions, unpaid spread-of-hours premiums, unpaid wages due to time-shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to the New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. As award of unpaid wages for off-the-clock hours due under the FLSA and the New York Labor Law;

f. An award of damages due to unlawful retention of tips due under the FLSA and NYLL;

g. An award of damages due to invalid deductions of meal credit due under the NYLL.

h. An award of unpaid spread-of-hours premiums due under the New York Labor Law;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and spread-of-hours premiums pursuant to the New York Labor Law;

k. An award of statutory penalties, and prejudgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

n. Designation of this action as a class action pursuant to F.R.C.P. 23;

o. Designation of Plaintiff as Representative of Class; and

p. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 9, 2018

Respectfully submitted,

By: */s/ C.K. Lee*
    C.K. Lee, Esq. (CL 4086)

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*